HAMPTON *v.* HAMPTON.

4-9744                                                248 S. W. 2d 360

Opinion delivered April 14, 1952.

Rehearing denied May 26, 1952.

360

*Culbert L. Pearce* and *Frances D. Holtzendorff,* for appellant.

*C. E. Yingling* and *C. E. Yingling, Jr.,* for appellee.

WARD, J. This case involves the jurisdiction of a chancery court of this state in a *habeas corpus* proceeding, to grant custody of a three-year-old child to its mother who lives in Texas. Also involved here is the reasonableness of the court's order.

Plaintiff and defendant, both being residents of Texas at the time, were married in May, 1947. While living together in Texas a son, Charles Edwin, was born to them on October 22, 1948. Being unable to live together in peace and happiness, the wife, appellee, filed suit there for divorce and custody of Charles Edwin, but her complaint was dismissed for jurisdictional reasons. In fact two such attempts were made with the same result. Soon thereafter and while the mother had actual custody of the child the father, while having temporary custody by arrangement, took him out of the state on April 23, 1950.

The mother, with the assistance of her attorney, a detective, the local sheriff's office and friends, finally located the father and child about the middle of November living on a farm near Searcy, Arkansas. Living with them were two sons of appellant by a former marriage.

One of the boys was in his early twenties and was attending Harding College and the other boy was a few years younger.

On November 20, 1950, appellee, the mother, filed a complaint in the White County Chancery Court alleging the unlawful detention of Charles Edwin and asked for permanent custody, the immediate right to take him to Texas and that the father be restrained from further interference. To the above appellant, on January 17, 1951, filed a denial and also a cross-complaint in which he alleged his ability and fitness to properly care for the child and also asked for custody and the right to keep him in Arkansas.

By agreement of the parties entered into February 22 and March 8, 1951, the depositions of several witnesses were taken by both sides, and the depositions were filed on March 15 and 20, 1951. Thereafter, on April 30, 1951, appellant filed a motion to withdraw his answer and dismiss his cross-complaint, and, on May 14, 1951, the court denied the motion. The cause was tried on the above mentioned depositions and on testimony taken before the court on May 28, 1951, and the court found all issues in favor of appellee, giving her custody of Charles Edwin but giving appellant the right of visitation twice a month, on Saturdays between 9:00 a. m. and 4:00 p. m., at the home of appellee in Texas or such other place as she might designate. The decree also provided that the above visitation arrangement would stand until further ordered by that court or any other court of competent jurisdiction, and that the child should be returned to that jurisdiction when it should be so ordered.

On appeal a reversal is urged on two principal grounds which we now discuss in order.

First it is insisted that the trial court lacked jurisdiction for the reason that all parties were residents of Texas. This contention is without merit. The complaint filed by appellee has all the appearances of an ordinary complaint for custody, but both parties treat it as a *habeas corpus* proceeding and so will we. Though it was not necessary, as will be later seen, the court might have

found, from the testimony and from the statements in appellant's cross-complaint and prayer thereto, that he was a resident of White County, Arkansas, and certainly the pleadings on both sides raised the question of custody. However, in a *habeas corpus* proceeding, which of course had to be brought where the child was found, the court had jurisdiction to award custody. This is especially true where the question of custody is joined by the pleadings. This was the holding in the recent case of *Waller* v. *Waller, ante* p. 19, 245 S. W. 2d 814.

Next it is insisted that the father has been unreasonably limited by the visitation privileges granted by the lower court. Viewed abstractly this contention appears to have merit, but under all the facts and circumstances we think the court committed no error. While a custody order is final in that it is appealable it is not *res judicata,* as was stated in *Tucker* v. *Turner,* 195 Ark. 632, 113 S. W. 2d 508. Here the decree retained jurisdiction of the cause and also provided that custody might be changed by any court of competent jurisdiction. It appears that the chancellor considered these matters because he stated to counsel for appellant: ''After six months or a year if he [appellant] demonstrates his conduct as such you can apply for a modification, but at this time I don't feel like making it more liberal than I have.'' Also, in justification of the chancellor's decision, it must be remembered that, due to appellant taking matters into his own hands, appellee suffered the anxiety of not knowing of the condition or whereabouts of her infant son for approximately six months.

Appellant complains also that he didn't know the trial was set for May 28 and that his attorney only learned of it that morning; that he arrived too late to hear some of the oral testimony introduced on behalf of appellee, and that he was thereby prejudiced. We think no error, and certainly no prejudicial error, has been shown. The record reflects that most of the testimony was by depositions, and that appellant was present at the trial and testified. The loss of no special or substantial advantage is pointed out by appellant and none

appears to have resulted. Nor do we find any error in the court's refusal to grant appellant's motion to withdraw his answer and cross-complaint. As has been seen above, appellant's pleadings were not necessary to confer jurisdiction and had they been withdrawn it could only have resulted in injury to him. In the other event he would have had no right to withdraw.

Affirmed.