FULKS *v.* WALKER.

5-604                                                    275 S. W. 2d 873

Opinion delivered February 21, 1955.

[Rehearing denied March 28, 1955.]

*Williamson & Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

GEORGE ROSE SMITH, J. This petition for a rule requiring the clerk of this court to issue a writ of certiorari to bring up the record made in the court below, later followed by a tender of that record, raises for determination certain procedural questions in the review of habeas corpus proceedings for child custody.

In September of 1954 the respondent in this court, Martha Fulks Walker, filed her petition for a writ of

habeas corpus in the Independence Chancery Court, seeking to obtain from her former husband the custody of the parties' three minor children. After a prompt hearing the chancellor, by a decree dated September 27, awarded custody to Mrs. Walker and directed that Fulks, the father, pay $45 a month for support of the children.

Ten days later, on October 6, Fulks filed in this court his petition for a writ of certiorari to review the proceedings in the trial court. In this petition it is asserted that certiorari is the only remedy for the review of habeas corpus proceedings. The prayer is that a writ of certiorari be issued to bring up the record and that the decree be reviewed and set aside. The clerk of this court accepted and docketed the petition, but the requested writ was not issued. Except for a preliminary order of this court, by which Mrs. Walker was required to give bond as a condition to taking the children to her home in Arizona, no further action was taken by the court or by the parties for more than three months.

On January 14, 1955, Fulks filed the present request for a rule requiring the clerk of this court to issue a writ of certiorari to bring up the complete record of the proceedings below. This petition refers to the clerk's failure to issue a writ last October, repeats the assertion that certiorari is the only method of review in habeas corpus cases, and prays that the clerk be required to issue the writ to the end that the record may be brought up and reviewed. Hardly had this petition been submitted to the court for consideration when, on February 9, Fulks tendered to our clerk the complete record of the proceedings below. That tender was refused by the clerk, who took the position that it came too late. The above are all the relevant facts.

It must be understood at the outset that Fulks' petition of October 6 really involves two different functions of the writ of certiorari, which must be considered separately. First, the petition asks that the writ be issued to bring up the physical record. In this sense the writ of certiorari, involving the actual issuance of a written

command, was formerly used as a method of directing the clerk of the trial court to forward the bill of exceptions or some other part of the transcript to this court. Rule 5 of this court, 207 Ark. xix, described in detail the method of obtaining the writ in this court.

By Act 555 of 1953 a new method was provided for supplying omissions in the record. Ark. Stats. 1947, § 27-2129.1. For this reason, when we revised our rules in January of 1954, all references to the former use of the writ of certiorari to bring up the record were deleted. Hence our clerk was right in not issuing the requested writ last October. His authority in that respect had been withdrawn, and the writ was not actually needed in order for the record to be prepared and lodged here.

Second, Fulks' petition avers that certiorari is the only method of review in habeas corpus proceedings. This allegation, for which there is much support in our cases, refers to an entirely different function and can be understood only in the light of history.

At common law, centuries ago, it was held that a denial of the writ of habeas corpus was not a final judgment, was not subject to the doctrine of res judicata, and could not be reviewed by an appellate court. The reason was that the prisoner, if denied relief in the first instance, was entitled to present his petition anew to every judge in the realm, trial and appellate. Church on Habeas Corpus (2d Ed.), § 386; Ferris, Extraordinary Legal Remedies, § 56. There was obviously no need for an appeal or writ of error if the petitioner could apply to the appellate court or judge without regard to what had occurred at the trial level.

A good many American courts, including this one, voiced their disagreements with the view that a habeas corpus proceeding could not be reviewed. For example, in *Ex parte Jackson,* 45 Ark. 158, we held that our constitutional power of supervision over the judicial branch of the government included the authority to review habeas corpus proceedings, and certiorari was approved as a method of bringing the case to this court. In that

opinion it was said: "The questions arising upon writs of habeas corpus, whether it be the right to bail, or the right to be relieved of improper restraint, or the right to the personal care and custody of children, are all rights of the gravest importance. It would be a disgrace to any government, if the decision of such matters were left to the arbitrary will of one man without appeal or means of correction."

That disgrace has not befallen the government of Arkansas, because for fully fifty years we have routinely reviewed the action of the trial courts in habeas corpus cases. Especially has this been true in child custody matters, to which we now confine ourselves. Such cases, although cast in the form of applications for the writ of habeas corpus, are in reality private litigation between private adversaries. By the decided weight of authority the decree is final, reviewable, and, in the absence of changed conditions, res judicata of the issues. Ferris, *supra*, § 56; notes, 16 Harv. L. Rev. 602, 41 Harv. L. Rev. 902; *Waller* v. *Waller*, 220 Ark. 19, 245 S. W. 2d 814; *Hampton* v. *Hampton*, 220 Ark. 359, 248 S. W. 2d 360.

Nevertheless, although the review in these cases has come to be a matter of right, we have—with occasional slips of the tongue—continued to refer to the appellate proceeding as one brought by certiorari rather than by appeal. The distinction is purely one of nomenclature. Not for many decades has the clerk issued an actual writ of certiorari in the sense that we are now using the term. All that happens is that such habeas corpus cases are noted on the clerk's docket as having been brought by certiorari to a certain court, rather than by appeal. That is what was done in this case last October, when the clerk accepted and docketed Fulks' petition. There was no occasion for the clerk to issue a useless writ; the right of review was preserved without it.

This brings us to the last point at issue. It will be remembered that Fulks filed his petition in this court on October 6, but the record was not tendered until Febru-

ary 9, when it was refused by the clerk. We think the clerk's action, in the circumstances, was correct.

We have often said that, when a review is permitted by certiorari rather than by appeal, the time limitation applicable to appeals will be adopted by analogy. *Burgett* v. *Apperson*, 52 Ark. 213, 12 S. W. 559; *North Little Rock Transp. Co.* v. *Sangster*, 210 Ark. 294, 195 S. W. 2d 549. The rule is particularly apt in a case like this one, which is an appeal in every respect except the name.

Under the present law the appellant is required to file his notice of appeal within thirty days after the entry of the decree. Ark. Stats., § 27-2106.2. This petitioner did not file a notice of appeal, but he did file his petition in this court within thirty days. We are perfectly willing to treat this action as a compliance with the law, for the petitioner was surely justified in thinking that he had no right of appeal and was required to proceed instead by certiorari initiated in this court.

But the law also requires that the record be lodged in the appellate court within ninety days after the filing of the notice of appeal, unless the time be extended. Ark. Stats., § 27-2127.1. This petitioner waited for more than four months before obtaining the record and tendering it to the clerk. He has so far shown no reason for the delay, nor has he asked the court for an order extending the time. Whatever power of extension there is rests in the court, not in the clerk. In the absence of an order permitting him to accept the record the clerk had no choice except to act as he did.

In closing, we add a word for the future. What we have already said demonstrates that there is no sound reason for continuing, in child custody cases involving the writ of habeas corpus, to give what is really an appeal the alias of certiorari. The views adopted by the English judges of Lord Coke's time should hardly be controlling in the twentieth century upon what is purely a procedural matter. Continued use of the term certiorari would needlessly complicate appellate procedure, which certainly should be as simple as it can possibly be

made to be. Henceforth we shall call these proceedings by their true name, appeals, and shall regard them as being governed by the statutes pertaining to appeals.