STATE OF ARKANSAS *v.* JAMES R. HOWARD

5-5670                                    473 S.W. 2d 443

Opinion delivered December 6, 1971

*James Guy Tucker,* Prosecuting Attorney; *Robert J. Brown,* Asst. Pros. Atty., for petitioner.

*Dale Price,* for respondent.

J. FRED JONES, Justice. This is an original proceeding brought in this court by James Guy Tucker, Prosecuting Attorney of the Sixth Judicial District of Arkansas, contending that the respondent, James R. Howard, was improperly and unconstitutionally elected as Special Judge of the Fourth Division of the Circuit Court of Pulaski County.

We granted a petition for certiorari on the allegations set out in the petition that the election of James R. Howard was illegal and void, in that the election was held without notice to the Prosecuting Attorney or members of the Bar in general; and that James R. Howard was attempting to assume the duties of circuit judge under special election without having taken the oath of office.

In his abstract and brief filed with this court the petitioner reiterates, by affidavit of Chief Deputy Prosecuting Attorney Robert J. Brown, that he was an attorney in attendance on the court and that no notice of special election was given to him. The petitioner prays that the election of James R. Howard as Special Judge be quashed and all proceedings of said Division of the cir-

cuit court held while James R. Howard was presiding be held void. The petitioner concludes his petition as follows:

> "This Court should quash the election of James R. Howard as special judge, void all proceedings had and held by him, and promulgate rules to control such elections in the future. Ark. Const. Art. 7, § 4 (1874)."

The trial court record is now before us and the entire record consists of what appears to be docket entries on the circuit court record for Thursday, October 28, 1971. The entire record is as follows:

> "PULASKI CIRCUIT COURT, FOURTH DIVISION SEPTEMBER TERM 1971
> THURSDAY, OCTOBER 28,.1971
> IN RE: ELECTION SPECIAL JUDGE:

> On this day the Court notified the Clerk that he would be unable to preside in this Court on the afternoon of Thursday, October 28, 1971 and to elect a Special Judge, and members of the bar present were given notice of an election for Special Judge, set for 1:00 P.M., October 28th, 1971 who shall serve on said day and until he is lawfully succeeded.

> Ordered that Court adjourn until 1:00 P.M. October 28, 1971, Thursday afternoon.

> THURSDAY, OCTOBER 28, 1971

> Thursday afternoon, October 28th, 1971 at 1:00 P.M., a regular day of the September Term of this Court, Hon. Richard B. Adkisson, presiding Judge of this Court being unable to preside over this Court at this time, and had so notified the Clerk, and the Clerk gave all members of the bar in attendance on said Court notice that an election for a Special Judge would at this time be held, and at 1:00 P. M. the said Clerk held said election in the Court house, at which election all the regular members of the bar

present voted and James R. Howard, Esq., a regular member of the bar of this Court, having received the nomination for election for Special Judge and after receiving all the votes cast at said election and after a motion for election by unanimous vote, was by the Clerk declared carried, and James R. Howard, Esq., was by the Clerk declared unanimously elected Special Judge, and he takes the oath of office.

PULASKI CIRCUIT COURT FOURTH DIVISION SEPTEMBER TERM 1971

THURSDAY, OCTOBER 28, 1971
STATE OF ARKANSAS)
                                        SS
COUNTY OF PULASKI)

I, James R. Howard, do solemnly swear that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of Special Judge of Pulaski Circuit Court, Fourth Division, upon which I am about to enter.

/s/ James R. Howard
SPECIAL CIRCUIT JUDGE
PULASKI CIRCUIT COURT,
FOURTH Div.

Subscribed and sworn to before me this 28th day of October, 1971.

ROGER McNAIR
CIRCUIT CLERK

By:  /s/ James T. Reeder, Jr.
James T. Reeder, Jr.
Deputy Clerk

CLERK'S CERTIFICATE

STATE OF ARKANSAS)
                                        SS
COUNTY OF PULASKI)

I, Roger McNair, Clerk of the Circuit Court, within and for the County and State aforesaid, hereby certify that the foregoing transcript contains a true and correct copy of the record entries in the election of Special Judge James R. Howard, on October 28, 1971.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court this 10th day of November, 1971.

ROGER McNAIR,
CIRCUIT CLERK

By: /s/ James T. Reeder, Jr.
James T. Reeder, Jr.
Deputy Clerk"

Article 7, § 21 of the Arkansas Constitution provides as follows:

"Whenever the office of judge of the circuit court of any county is vacant at the commencement of a term of such court, or the judge of said court shall fail to attend, the regular practicing attorneys in attendance on said court may meet at 10 o'clock a.m. on the second day of the term, and elect a judge to preside at such court, or until the regular judge shall appear; and if the judge of said court shall become sick or die *or unable to continue to hold such court after its term shall have commenced,* or shall from any cause be disqualified from presiding at the trial of any cause then pending therein, *then the regular practicing attorneys in attendance on said court* may in like manner, on notice from the judge or clerk of said court, elect a judge to preside at such court or to try said causes, and the attorney so elected shall have the same power and authority in said court as the regular judge would have had if present and presiding; but this authority shall cease at the close of the term at which the election shall be made. The proceedings shall be entered at large upon the record. The special judge shall be learned in law and a resident of the State." (Emphasis supplied).

This court recognizes its constitutional responsibilities under Art. 7, § 4 of the Arkansas Constitution, as referred to by petitioner; that is the reason we granted the petition for certiorari. See *Fulks* v. *Walker*, 224 Ark. 639. 275 S. W. 2d 873. The facts, as alleged in the petition, are not sustaind by the record now before us; consequently, we are unable to say, as a matter of law, that the constitutional provision for the election of a Special Judge was not complied with in this case. If the record does not speak the truth, the remedy is by amendment. *Arkadelphia Lumber Co.* v. *Asman*, 72 Ark. 320, 79 S. W. 1060.

The petition is denied and dismissed.