Leonard MAGBY *v.* STATE of Arkansas

CR 02-24 72 S.W.3d 508

Supreme Court of Arkansas
Opinion delivered April 25, 2002

*Petitioner*, pro se.

No response.

PER CURIAM. On January 13, 1969, Leonard Magby entered a plea of guilty to grand larceny and burglary and was sentenced to three years' imprisonment. More than thirty-two years later, on September 19, 2001, Magby filed a *pro se* petition for writ of error *coram nobis* in the trial court.[1] Petitioner explained in the petition that he was challenging the judgment because the conviction was used to enhance a sentence imposed

---

[1] In those instances where the judgment of conviction was entered on a plea of guilty or *nolo contendere,* or the judgment of conviction which could have been appealed was not appealed and subsequently affirmed on appeal, the petition for writ of error *coram nobis* is filed directly in the trial court. If the judgment of conviction was affirmed on appeal, the petitioner must first proceed in this court and gain leave to file a petition in the trial court by means of a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis*. *Dansby v. State,* 343 Ark. 635, 37 S.W.3d 599 (2001).

on him in a federal court proceeding. The petition was denied, and petitioner Magby filed a notice of appeal from the order rather than a petition for writ of certiorari in this court. We declared in *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984), that review of the denial of a writ of *coram nobis* was by certiorari, not appeal. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). Petitioner took no further action in this court, until he was notified on December 19, 2001, that the circuit clerk had forwarded the record to this court in response to the notice of appeal.

■ Now before us is petitioner's motion seeking to file a belated petition for writ of certiorari to proceed with a review of the court's decision to deny the *coram nobis* petition. As we find that there is no sound reason to continue to require a petition for writ of certiorari to be filed in this court rather than a notice of appeal to be filed in the trial court from the denial of a petition for writ of error *coram nobis*, the motion is moot. Our clerk is directed to lodge petitioner Magby's appeal and set up a briefing schedule.

■ We further overrule our holding in *Skinner v. State*, 344 Ark. 184, 40 S.W.3d 268 (2001), which provided that a petitioner whose petition for writ of error *coram nobis* was denied must proceed in this court with a timely petition for writ of certiorari rather than a notice of appeal filed in the trial court. Any other case that is contrary to our holding in this matter is also overruled.

■ ■ The writ of error *coram nobis* is an ancient writ developed from the common law of England that provides a remedy where the convicted criminal defendant is not protected by his right of appeal because the record on its face discloses no error to the appellate court. *See* Woods, *The Writ of Error Coram Nobis in Arkansas*, 8 ARK. L. BUL. 15 (1940). The review by this court of the denial or granting of a writ of error *coram nobis* by means of a petition for writ of certiorari is also a matter of common law. Either the convicted defendant or the State may seek review of the lower court's decision to grant or deny the writ. *State v. Hudspeth*, 191 Ark. 963, 88 S.W.2d 858 (1935).

■ As we noted in *Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999), we do not overrule our common law cava-

lierly or without giving considerable thought to the change. Adhering to precedent promotes stability and predictability and respect for judicial authority. Nevertheless, we have long recognized that "Precedent, it is said, should not implicitly govern, but discreetly guide. . . ." *Roane v. Hinton*, 6 Ark. 525, 527 (1846). In *Parish v. Pitts*, 244 Ark. 1239, 429 S.W.2d 45 (1968), we concluded that the test is whether it is more important that the matter remain settled than that it be settled correctly. One of the reasons to change the common law is when it has become outmoded and unjust. *Shannon v. Wilson*, 329 Ark. 143, 947 S.W.2d 349 (1997).

 When dealing with a procedural change in the common law, the common law may be said to be outmoded and a change warranted when the procedure is needlessly complicated and there is no good cause to continue with the existing procedural rule. In the instant matter, requiring the petitioner to file a petition for writ of certiorari in this court within thirty days requires the petitioner to also produce a certified record of the lower court proceedings within that relatively short period of time inasmuch as the petition cannot be filed here without such a record. Moreover, the issues raised in the trial court in a *coram nobis* proceeding can be complicated and numerous and thus lend themselves to being fully briefed in accordance with our rules governing appeals.

While we treat an appeal from the denial of bail as a petition for writ of certiorari, the denial of bail is an exercise of the lower court's discretion for which there is no other immediate mode of review provided and which can be reviewed ordinarily with a limited record. *See Smith v. State*, 345 Ark. 472, 48 S.W.3d 529 (2001). By contrast, the review of an order denying a petition for writ of error *coram nobis* is similar to the review of an order denying a petition for writ of *habeas corpus*. In *Fulks v. Walker*, 224 Ark. 639, 275 S.W.2d 873 (1955), we held that there was no good cause to continue to require that denial of a petition for writ of *habeas corpus* in child-custody cases be reviewed by certiorari rather than appeal. As we said in *Fulks*:

> Continued use of the term certiorari would needlessly complicate appellate procedure, which certainly should be as simple as it can possibly be made to be. Henceforth, we shall call these pro-

ceedings by their true names, appeals, and shall regard them as being governed by the statutes pertaining to appeals.

*Fulks, supra.*

We also concluded in 1985 that the review of a finding of contempt, which had been heard on a petition for writ of certiorari for some 100 years, was reviewable as a final order by means of an appeal. *Frolic Footwear v. State*, 284 Ark. 487, 683 S.W.2d 611 (1985). In doing so, we noted that the rules of appellate procedure provided that the mode of bringing up a judgment, degree, or final order for review was by appeal. There being no real distinction between the review of an order of contempt by certiorari or review by appeal, we said that henceforth, as with *habeas corpus* matters, we would call the proceeding by its true name, an appeal, and regard it as being governed by the statutes and rules pertaining to appeals. There is likewise no real distinction to be made between review of the denial or granting of a petition for writ of error *coram nobis* by certiorari or by appeal.

The mere change in the mode of review of an order, however, does not alter the standard of review employed by this court in determining whether the order should stand. The standard of review of the denial of a writ of error *coram nobis* shall remain whether the trial court abused its discretion in granting or denying the writ. *Larimore v. State*, 341 Ark. 397, 406, 17 S.W.2d 87, 96 (2000).

We now turn to the retroactive or prospective application of this change in procedure. Because the retroactive application of this change to the present petitioner is not likely to create significant harm, we conclude that the petitioner will be permitted to proceed in this court on appeal of the order. *See Parish v. Pitts, supra.* Prospective application of our holding that this court's review of the denial of a petition for writ of error *coram nobis* shall be by appeal rather than by writ of certiorari shall commence with orders granting or denying petitions for writs of error *coram nobis* entered on or after the date of this opinion. Motion moot; appeal of order lodged.