Keith Allen DEATON *v.* STATE of Arkansas

CR 07-1198                                      285 S.W.3d 611

Supreme Court of Arkansas
Opinion delivered June 5, 2008

Appellant, pro se.

Per Curiam. In 1977, appellant Keith Allen Deaton entered a guilty plea in Independence County Circuit Court to charges of capital murder and burglary and received concurrent sentences of life imprisonment without parole and twenty years' incarceration. In 2007, appellant filed a petition for writ of error coram nobis in the trial court, which was denied without a hearing. Appellant now brings this appeal of that order.

Appellant's sole point on appeal is that the trial court erred by denying the writ without a hearing. Appellant asserts that he was entitled to a hearing on the petition because the petition presented allegations of a fundamental error of fact extrinsic to the record, that the fact was not known to the trial court at the time the judgment was entered, and that the failure to disclose the fact did not result from the defendant's negligence or fault. The trial

court denied the petition on the basis that appellant failed to show due diligence in his application for the writ. Because the petition clearly did not show due diligence in bringing a timely petition, we affirm the trial court's denial of the writ without a hearing.

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *State v. Larimore,* 341 Ark. 397, 17 S.W.3d 87 (2000). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State,* 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Thomas v. State,* 367 Ark. 478, 241 S.W.3d 247 (2006) (per curiam).

In those instances, as here, where the judgment of conviction was entered on a plea of guilty or nolo contendere, or the judgment of conviction was not appealed, the petition for writ of error coram nobis is filed directly in the trial court. If the judgment of conviction was affirmed on appeal, the petitioner must first proceed in this court and gain leave to file a petition in the trial court by means of a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Dansby v. State,* 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam). Denial of a writ of error coram nobis is reviewed by appeal. *Magby v. State,* 348 Ark. 415, 72 S.W.3d 508 (2002) (per curiam).

The standard of review of the denial of a writ of error coram nobis is whether the trial court abused its discretion in denying the writ. *Id.* at 420, 72 S.W.3d at 510. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Cloird v. State,* 357 Ark. 446, 182 S.W.3d 477 (2004). Here, the trial court did not abuse its discretion to deny the petition without a hearing.

In his petition, appellant alleged that the cause of death of the murder victim was an infection unrelated to the injuries inflicted by appellant. He contended that, because certain medical records were unavailable to the medical examiner who prepared the autopsy report, this information was unavailable at the time that appellant entered his guilty plea. On appeal, appellant contends that the trial court should have allowed him to present evidence at a hearing in order to establish these facts. He further

contends that the trial court was required to provide a hearing if there was a possibility that he might succeed and that the determination as to whether petitioner had exercised due diligence was a factual inquiry that merited a hearing.

Where a petition for writ of error coram nobis is filed directly in the trial court, a hearing is not required if the petition clearly has no merit, either in that it fails to state a cause of action to support issuance of the writ, or where it is clear from the petition that the petitioner did not act with due diligence. Appellant cites to *Cloird* as supporting the proposition that a hearing is required to provide the petitioner with an opportunity to meet the burden of proof for issuance of the writ. But, *Cloird* was a case where this court had previously granted a petition to reinvest jurisdiction in the trial court and gave permission for the petitioner to file his petition in the trial court, with directions for findings of fact. Under those circumstances, a hearing on the petition was required.

In denying the petition, the trial court determined that appellant did not act with due diligence in that the victim's medical records were available to defense counsel at appellant's trial. While there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief and in the absence of a valid excuse for delay, the petition will be denied. *Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). Due diligence requires that: (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; (3) upon discovering the fact, the defendant did not delay bringing the petition. *Id.*

■ Here, appellant contends that the trial court should have taken evidence on the issue of whether the fact could have been presented at trial through an exercise of due diligence on the part of appellant's trial counsel. But, appellant's statements in the petition displayed a lack of diligence on the part of the petitioner under the third requirement, whether trial counsel failed to exercise diligence or not. The petition indicates that the reason for the victim's death was not discovered until "several years after Petitioner pled guilty." One of appellant's exhibits is a letter dated April 19, 1995, that discussed infection as the cause of the victim's death and indicated that it was submitted with appellant's pardon application. The petition indicates that appellant had previously

sought relief under Ark. R. Crim. P. 37.1, as well as through applications to two governors for pardon based on this same information.

The petition shows a delay of at least ten or, quite possibly, more than twenty, years following appellant's discovery of the allegedly hidden facts before appellant filed the petition for writ of error coram nobis. The petition acknowledged a delay, but contended that appellant's pursuit of these other remedies was a valid excuse for the delay. It was not.

Relief under Rule 37.1 and error coram nobis proceedings are not exclusive and may be pursued simultaneously. *See, e.g., Echols,* 360 Ark. at 335, 201 S.W.3d at 892; *Dansby,* 343 Ark. at 637, 37 S.W.3d at 600; *Larimore,* 341 Ark. at 400, 17 S.W.3d at 88. Appellant did not cite, and we are not aware of, any restriction that would prevent pursuit of relief through the writ while a petitioner pursues an application for pardon. Appellant's petition did not present a valid excuse for the delay.

The trial court did not abuse its discretion in denying the petition without a hearing because the petition was clearly without merit. It is clear from the petition that appellant did not act with due diligence in bringing the petition; appellant acknowledged a delay, but did not present a valid excuse. Accordingly, we affirm the trial court's decision to deny the petition without a hearing.

Affirmed.