2010 Ark. 354

**Larry Eugene BARKER, Appellant**

v.

**STATE of Arkansas, Appellee.**

No. CR 09–405.

Supreme Court of Arkansas.

Sept. 30, 2010.

Worsham Law Firm, P.A., Little Rock, by: Richard E. Worsham, for appellant.

Dustin McDaniel, Att'y Gen., by: David R. Raupp, Sr. Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice.

Appellant Larry Eugene Barker appeals the order of the Baxter County Circuit Court denying his petition for writ of

error coram nobis. On appeal, Barker asserts first that this matter should be remanded to the circuit court for a new hearing on his petition because part of the transcript from the previous motion is not included in the record. Alternatively, he argues that the circuit court erred in denying his petition, as he demonstrated that the State withheld material evidence. Because Appellant's petition fails to state a cognizable claim for coram nobis relief, it is unnecessary to remand this matter for another hearing. The order of the circuit court denying the petition is affirmed.

The record reveals that on or about September 22, 2003, Appellant pleaded nolo contendere to two counts of rape and was sentenced to concurrent terms of seventeen years' imprisonment in the Arkansas Department of Correction. Appellant's conviction stemmed from charges that he raped his two stepdaughters, A.A. and W.A., who at the time were under the age of eighteen.

In the course of investigating the charges against Appellant, Special Agent Becky Vacco, with the Arkansas State Police, conducted an interview with A.A. A.A. would not agree to answer any questions, however, unless authorities first contacted Robert Starr, her then-computer teacher. After being notified that A.A. wished to see him, Starr went to the police station and stayed with A.A. during Investigator Vacco's interview of A.A. This interview occurred on August 27, 2003. Several weeks later on September 3, 2003, authorities arrested Starr on allegations that he had had an inappropriate sexual relationship with A.A.

Following his plea and sentencing, Appellant filed in the circuit court the instant petition for writ of error coram nobis. Therein, he alleged that after the entry of the judgment against him, he learned that Starr had been charged and convicted of sexual abuse of A.A. According to Appellant's petition, he also discovered that Starr was "instrumental in the charges being brought against Defendant at the same time that he was having a sexual relationship with the alleged victim." Appellant further contended that the state police's interview of A.A. was tainted by the presence of Starr and that the State should have informed Appellant of this. Appellant asserted that the State's failure to reveal this information constituted a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), such that it warranted coram nobis relief.

The circuit court held a hearing on the petition on September 18, 2008. Agent Vacco testified that she interviewed A.A. about the allegations involving Appellant on May 6, 2002. Agent Vacco testified that initially A.A. was very upset about the report being made against Appellant and was hesitant to talk. Finally, A.A. agreed to talk to the agent if she would call her teacher, Starr, and ask him to come to the police station with her. Agent Vacco stated that once Starr was there he sat across from A.A. She also noticed A.A. reach for Starr's hand and that the two held hands during the interview. Agent Vacco did not recall Starr being present in the room when she interviewed W.A.

John Crain, who represented Appellant in the rape case, testified that the State did not provide him with a copy of the videotaped interview of A.A. by Agent Vacco in the Starr case that occurred on August 27, 2003. Crain also stated that he learned that Starr had been arrested "some weeks before" Appellant entered his plea. Crain also stated that he received documents from the State, including inci-

dent reports and A.A.'s statement in the Starr case, prior to Appellant entering his plea. Crain stated that he had no doubt that Appellant knew that Starr had been arrested and charged in Baxter County, prior to entering his plea, and that there was also no doubt that the State provided him information on it. Finally, he stated that he was not aware of any material evidence that was withheld by the prosecutor in connection with Appellant's case.

Staci Lynch, a private investigator retained by Appellant, testified that she interviewed Crain in October 2006 regarding his representation of Appellant. She stated that Crain did not indicate that he had any documentation pertaining to the Starr case, that his information was limited to what the prosecutor had verbally told him. She stated that Crain had watched the interview of A.A. where Starr was present but that he never received a copy of it, even though the prosecutor had agreed to make a copy and give it to him.

Following Lynch's testimony, the State moved for a dismissal of Appellant's petition, arguing that Appellant knew of Starr's arrest, had listed him as a defense witness for trial, and intended to impeach him with evidence regarding his arrest. Further, the State asserted that Appellant had provided no evidence to support his allegation that the State offered Starr any type of deal in his own case. Appellant argued in rebuttal that Crain never received any documentation from the State in the Starr case and that the State had an obligation to turn over the information, which could have been potentially exculpatory. The court denied the motion to dismiss.

The State then called Kerry Chism, who was one of the prosecutors in Appellant's case. He stated that he was not aware of any information that was withheld from Appellant or his attorney. Chism stated that he was familiar with Starr's case and that he made no deal with Starr. He further stated that Appellant's case had nothing to do with any plea arrangement made for Starr. Chism also recalled discussing with Crain Starr's arrest, which made the front page of the Baxter Bulletin, prior to Appellant's entry of his plea. Finally, Chism recalled Crain calling him and discussing the information in the Starr case and that Crain knew everything about it and was able to talk about it.

At the close of the hearing, the State again moved to dismiss Appellant's petition. The court took the motion under advisement. Then, on September 23, 2008, the circuit court entered an order denying and dismissing with prejudice Appellant's petition. In its opinion, the court reasoned as follows:

> After reviewing the exhibits containing documents pertaining to Robert Starr, it appears that they offer little in the way of exculpatory evidence for Mr. Barker. Whatever the documents and other information regarding Mr. Starr could have been used for by Mr. Barker, the gist of it was provided to Mr. Crain prior to Mr. Barker entering his plea. Moreover, if the Court were to accept Mr. Barker's allegation that the prosecutor withheld material evidence regarding Robert Starr, there was no proof that Mr. Barker would not have entered his plea had he known about the evidence. In short, there was no evidence that Mr. Barker was prejudiced or that the entry of the earlier judgment of conviction would have been precluded.

Appellant timely appealed but had to seek and receive several extensions to lodge the record in this case because of the

court reporter's failure to timely complete the transcript. On April 17, 2009, Appellant lodged a partial record with this court and also filed a petition for writ of certiorari to complete the record because the court reporter had notified him that, due to a computer problem, she had lost part of the testimony of one of the witnesses. Finally, on May 8, 2009, this court issued a writ of certiorari directing the circuit clerk and court reporter to complete the record by June 6, 2009. A supplemental record was filed with this court on June 8, 2009, and included supplemental testimony from Agent Vacco. But, on October 5, 2009, Appellant filed a motion to correct the record and stay briefing time on the basis that part of Agent Vacco's testimony was still missing from the record. The matter was remanded to the circuit court to settle the record. Following a hearing, the circuit court entered an order, concluding that the record could not be settled because a portion of Agent Vacco's testimony had not been transcribed and could not be recovered. Appellant filed a subsequent motion to remand the matter to the trial court, but his motion was denied without prejudice, so that he could develop the incomplete-record argument in his brief on the merits. We now turn to the arguments on appeal.

As his first point on appeal, Appellant argues that this court should remand this matter to the circuit court for a new hearing on his petition. Appellant asserts that without the missing testimony of Agent Vacco, this court is unable to conduct a meaningful review of this appeal. The State counters that it is unnecessary to remand for another hearing where Appellant offers no substantive reason why the instant record is inadequate. Specifically, the State asserts that Appellant had merely argued in conclusory fashion that there

can be no meaningful review and fails to discuss how the missing testimony is relevant to his claim or how it affects the merits of his appeal.

The State is correct that Appellant's argument in this regard is conclusory and without citation to any supporting authority. It is well settled that we will not consider an issue if the appellant has failed to cite to any convincing legal authority in support of his argument. *See Williams v. State*, 2009 Ark. 433, 373 S.W.3d 237. We have further held that the failure to develop a point legally or factually is reason enough to affirm the circuit court. *Walters v. Dobbins*, 2010 Ark. 260, 370 S.W.3d 209. Moreover, as discussed below, because Appellant's coram nobis petition fails to set forth a cognizable claim for relief, a hearing was not required in the first instance. *See Deaton v. State*, 373 Ark. 605, 285 S.W.3d 611 (2008) (per curiam). Accordingly, where Appellant was not entitled to a hearing in the first instance, we need not remand for the purpose of holding a new evidentiary hearing.

We now turn to Appellant's second point on appeal. Therein, he asserts that the circuit court erred in determining that there was insufficient evidence to grant the petition for writ of error coram nobis. Appellant argues that the fundamental error of fact extrinsic to the record was that Starr was having a sexual relationship with A.A. and encouraging her to pursue charges against Appellant. The State argues that the circuit court did not abuse its discretion in denying the petition and, thus, its order should be affirmed.[1]

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam). The writ is allowed only under compelling circumstances to achieve

---

1. As an initial matter, the State argues that    Appellant cannot avail himself of coram nobis

justice and to address errors of the most fundamental nature. *Echols v. State,* 354 Ark. 414, 125 S.W.3d 153 (2003). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Newman v. State,* 2009 Ark. 539, 354 S.W.3d 61.[2]

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis was available to address certain errors found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

In the instant case, Appellant in his petition asserts that he is entitled to coram nobis relief because the prosecutor withheld information about Starr's relationship with A.A. and his subsequent arrest because of that relationship. Appellant asserts that the State should have realized and notified him that its investigation into the charges against him had been tainted by Starr's participation in that investigation.

■ Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram nobis

relief. *Grant v. State,* 2010 Ark. 286, 365 S.W.3d 894. The Supreme Court in *Brady,* 373 U.S. 83, 87, 83 S.Ct. 1194, held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." The Supreme Court revisited *Brady* in *Strickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 280, 119 S.Ct. 1936 (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). The *Strickler* court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.

■ First, the evidence at issue, Starr's relationship with A.A. and resulting arrest and conviction, is not exculpatory. The fact that one of his victim's had an inappropriate sexual relationship with someone else has no impact on Appellant's own actions and subsequent plea. Even if considered to be impeaching evidence, it is still not favorable to Appellant, such that it could cast doubt on his guilt. Second, there was no evidence introduced that the State withheld this information. Crain

---

relief based on an alleged *Brady* violation where he pleaded no contest. We decline to address this issue of first impression where the circuit court did not address it, and there has been no adversarial development of the argument in the briefs before us.

2. Normally, an appellant must first seek permission in this court to proceed in the circuit

court with a petition for writ of error coram nobis. *Newman,* 2009 Ark. 539, 354 S.W.3d 61. However, where as here, the judgment of conviction was entered on a plea of nolo contendere, the petition for writ of error coram nobis is filed directly with the circuit court. *See Dansby v. State,* 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

testified that he knew of Starr's arrest prior to Appellant's plea. He also stated that he received documents from the State related to Starr's arrest and the charges against him. Moreover, Chism, the prosecutor, testified that he provided Crain with that information, discussed Starr's case with Crain, and that news of Starr's arrest had made the front page of the Baxter Bulletin. Appellant was not able to refute this evidence. Finally, Appellant makes no allegation that he was prejudiced by not knowing this information. In his petition, he speaks of the State's requirement of ensuring that they arrest the correct person, but he never specifically claims his innocence—or even claims that he would never have entered the plea had he known the information about Starr. Accordingly, there was no merit to Appellant's petition for error coram nobis, and we affirm the order of the circuit court.