SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-13-751

| | | |
|---|---|---|
| | | **Opinion Delivered** September 18, 2014 |
| CHARLES SCHRADER | | APPEAL FROM THE GREENE |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 28CR-10-31] |
| V. | | |
| | | HONORABLE BARBARA HALSEY, |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**PER CURIAM**

In 2011, appellant Charles Schrader entered a plea of guilty to three counts of rape. He was sentenced by a jury to serve three consecutive terms of life imprisonment. In 2013, appellant filed in the trial court a petition for writ of error coram nobis, declaratory relief, and, in the alternative, for writ of habeas corpus. The trial court denied appellant's petition, and appellant brings this appeal.

On appeal, appellant argues only that he is entitled to a writ of error coram nobis; accordingly, it is that claim that will be considered in this appeal. Issues argued below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

The standard of review of a denial of a petition for writ of error coram nobis is whether the circuit court abused its discretion in denying the writ. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852; *McClure v. State*, 2013 Ark. 306 (per curiam); *Lee v. State*, 2012 Ark. 401 (per curiam). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Nelson*,

SLIP OPINION

2014 Ark. 91, 431 S.W.3d 852; *McClure*, 2013 Ark. 306.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

Appellant argues on appeal, as he did in his coram-nobis petition, that the writ should issue on the ground that he was not afforded effective assistance of counsel with respect to a plea bargain that was offered to him. He explains that he did not raise the claim under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1, because the grounds for the allegation did not become available to him until the United States Supreme Court handed down two decisions in 2012 concerning plea bargains, *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399

(2012) and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012). Appellant's time to pursue postconviction relief under Rule 37.1 lapsed in 2011 in that, pursuant to Rule 37.2(c), when a petitioner entered a plea of guilty, a petition must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P. 37.2(c)(i) (2011). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Ussery v. State*, 2014 Ark. 186 (per curiam).

Appellant urges this court to find that his plea of guilty was coerced on the grounds that he was originally offered a plea bargain in which he would have received a sentence of thirty years, but his trial attorney would not permit him to accept the plea. He argues that this coerced plea amounted to a fundamental error of fact extrinsic to the record, and thus he is entitled to relief in a coram-nobis proceeding.

Appellant acknowledges that this court in *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673, held that an allegation of ineffective assistance of counsel pertaining to trial counsel's advice to a petitioner concerning a guilty plea was not cognizable in a coram-nobis proceeding. He contends that *Tejeda-Acosta*, however, is distinguishable from his circumstances because he was denied the opportunity by counsel to enter into a plea bargain and the result was a life sentence, which was above the initial plea bargain and significantly prejudicial to him.[1] Appellant further

---

[1] In *Tejeda-Acosta*, the petitioner entered a plea of guilty to first-degree false imprisonment and aggravated assault after negotiations with the State, in which the State agreed to reduce charges and recommend probation, and petitioner agreed to testify against his codefendants and to have no contact with the victim. The trial court accepted the guilty plea and imposed the State's recommended sentence of 120 days' imprisonment in the county jail with credit for time served and probation for 96 months as allowed for first offenders in Act 346 of 1975. As a result of the pleas, deportation proceedings were instigated against the petitioner. *Tejeda-Acosta*, 2013 Ark. 217 at 1, 427 S.W.3d 673 at 674.

contends that, if this court declines to overrule its prior case law to permit the claim, this court should expand the purview of coram-nobis relief to grant him the relief sought. Noting that the time limitations on proceeding under Rule 37.1 had lapsed by the time the Court handed down *Frye* and *Lafler*, he further argues that, if he is denied the benefit of United States Supreme Court decisions that are favorable to his position but not handed down until after he was convicted, he will have been denied due process of law and equal protection. He concludes his brief on appeal with a request for an evidentiary hearing on the coram-nobis petition.

In *Tejeda-Acosta*, the petitioner filed a petition for writ of error coram nobis in the trial court, asking the court to vacate the entry of his guilty plea due to a lack of advice from counsel when he entered his plea of guilty about immigration consequences. The petitioner relied on *Padilla v. Kentucky*, 559 U.S. 356 (2010), in which the Court held that defense counsel's failure to advise his client on the possible deportation consequences of a guilty plea constitutes deficient performance of the ineffective-assistance- of-counsel test in *Strickland v. Washington*, 466 U.S. 668 (1984). He thus maintained that a writ of error coram nobis was appropriate relief for him to correct the manifest injustice of having entered what he claimed to be a coerced guilty plea. The circuit court granted the petition for a writ of error coram nobis and vacated the petitioner's guilty pleas and sentence. The State appealed from the order, and this court reversed the order on the ground that the trial court erred as a matter of law in expanding the grounds for a writ of error coram nobis to include claims for ineffective assistance of counsel. In that appeal, the State relied on *Estrada v. State*, 2011 Ark. 479 (per curiam), as having settled the arguments raised by petitioner. We agreed that *Estrada* provided precedent for reversing the order, holding that

4

the petitioner's reliance on the Supreme Court's decision in *Padilla* was misplaced. *Estrada*, 2011 Ark. 479 at 4–5.

With respect to appellant's argument that he will have been denied due process of law and equal protection if *Frye* and *Lafler* are not applied to his case, he does not offer any authority that either case was intended to have a retroactive application to permit the issue of ineffective assistance of counsel to be raised in a case after the time for raising postconviction claims has elapsed. *See Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103 (2013) (holding that the ineffective-assistance-of-counsel claim recognized in *Padilla v. Kentucky*, 599 U.S. 356 (2010) concerning counsel's failure to advise the defendant about the risk of deportation arising from a guilty plea did not have a retroactive effect). *See Young State*, 2013 Ark. 513 (per curiam).

As with the petitioners in *Tejeda-Acosta* and *Estrada*, appellant would like to stretch the categories available to a petitioner in an coram-nobis proceeding to include ineffective-assistance-of-counsel claims. As stated, in *Estrada,* we specifically declined to expand the grounds for the writ of error coram nobis to include ineffective-assistance-of-counsel claims based on *Padilla. See Estrada*, 2011 Ark. 479 at 5. In so holding, we acknowledged the *Padilla* claim but declared that allegations of ineffective assistance of counsel are not cognizable in a coram-nobis proceeding and that such claims are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. *Id.* We have consistently held that a petition for writ of error coram nobis is not a substitute for proceeding in the trial court with a timely petition under Rule 37.1. *Mason v. State*, 2014 Ark. 288, ___ S.W.3d ___ (per curiam).

Finally, we find no error in the trial court's decision to deny the coram-nobis petition

without an evidentiary hearing as the claims in the petition were clearly outside the purview of a coram-nobis proceeding. When a petition for writ of error coram nobis is filed directly in the trial court, a hearing is not required if the petition clearly has no merit in that it fails to state a cause of action to support issuance of the writ. *See Deaton v. State*, 373 Ark. 605, 285 S.W.3d 611 (2008). Here, appellant failed to establish that the writ should issue.

Affirmed.

*Paul J. Teufel*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.