Sterling Jackson WILLIAMS, Jr. *v.* STATE of Arkansas

CR 86-84                                                711 S.W.2d 479

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Sterling Williams pleaded guilty in 1981 to theft in case CR 81-82A and two counts of burglary. He was sentenced to serve terms of imprisonment for each of the burglary counts. A sentence of ten years for theft was suspended. He was released from prison in 1982. Petitioner was again arrested and charged with burglary and confined to the city jail. He escaped and was subsequently charged with escape in the first degree. As a result of the escape charge, the State filed a petition to revoke the ten-year suspended sentence. Petitioner pleaded guilty to escape and to the allegations contained in the petition to revoke. He was sentenced on February 1, 1983 to terms of ten years for escape and the ten-year suspended sentence was revoked.

In July, 1985, petitioner filed an error coram nobis petition in the trial court seeking to vacate the guilty pleas entered on the escape charge and the revocation. Because the petition raised issues cognizable under our postconviction rule, Rule 37, the court treated the petition as a Rule 37 petition and denied relief. This was not improper since a court may treat a petition for postconviction relief as a Rule 37 petition if it raises grounds covered by the rule regardless of the label placed on the petition. *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984). Petitioner does not seek a belated appeal.

Instead of filing a notice of appeal as he could have done because the petition was treated as a Rule 37 pleading, petitioner chose to file in this Court a petition for writ of certiorari, which is the means to challenge the denial of a petition for writ of error coram nobis. He also requests appointment of counsel. We find that the petitioner raised no ground on which the lower court could have granted a writ of error coram nobis and deny the petition for writ of certiorari and motion for counsel.

■ Petitioner contended in his petition for writ of error coram nobis that the trial court had not complied with Criminal Procedure Rule 24 when it accepted the pleas of guilty, that he was placed in double jeopardy when the suspended sentence was revoked and that he was denied credit against his sentence for the time he had spent in jail. These grounds are within the purview of Criminal Procedure Rule 37.

■■ Error coram nobis proceedings are not interchangeable with proceedings under Rule 37. *See McDonald* v. *State*, 285 Ark. 482, 688 S.W.2d 302 (1985). Error coram nobis is an extraordinary remedy. The writ serves to fill a gap in the legal system and will provide relief after a plea of guilty only where a remedy was unavailable because a fact exists which was not known when the plea of guilty was entered. The writ is granted only when the error of fact might have resulted in a different verdict. *See Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984). Petitioner has not demonstrated that the grounds he raised in his error coram nobis petition could not have been presented to the trial court when the plea was entered or raised in a petition under Rule 37. *See Williams* v. *Langston*, 285 Ark. 444, 688 S.W.2d 285 (1985).

Petition and motion denied.