2010 Ark. 286

**Abraham GRANT, Petitioner,**

v.

**STATE of Arkansas, Respondent.**

**No. CR 03–1181.**

Supreme Court of Arkansas.

June 3, 2010.

PER CURIAM.

In 2003, petitioner Abraham Grant was found guilty by a jury of capital murder

and battery in the first degree. An aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

Now before us is petitioner's pro se petition seeking permission to proceed in the trial court with a petition for writ of error coram nobis.[1] He also asks by motion that this court disqualify the judge who presided at his trial from presiding over his petition if we grant leave to proceed in the circuit court. He further seeks at public expense a copy of the instant coram nobis petition and the response that he tendered to the respondent's response to the coram nobis petition. As we find no good cause stated by petitioner to grant leave to proceed with a petition for writ of error coram nobis, the petition is denied. The motions are also denied for the reasons stated in this opinion. The motion to disqualify the trial judge is moot.

■ After a judgment has been affirmed on appeal, a petition filed in this court for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61.

■ A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61 (citing *Sanders v. State*, 374 Ark. 70, 285 S.W.3d 630 (2008) (per curiam)). This court will grant permission for a petitioner to proceed in the trial court with a petition for writ of error coram nobis only when it appears the proposed attack on the judgment is meritorious. *Flanagan v. State*, 2010 Ark. 140, 2010 WL 987049 (per curiam).

■ The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis was available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Id.*

■ Petitioner's grounds for proceeding in the trial court with a petition for writ of error coram nobis are not entirely clear, but appear to center on the allegation that the State failed to provide the defense at trial with a bill of particulars prior to trial. He seems to contend that this failure constituted a failure to disclose information to the defense under Arkansas Rule of Criminal Procedure 19.2 (2009). He further asserts that his trial attorney did not have time to prepare adequately for trial and that the victim did not make a dying declaration identifying petitioner as her assailant.

If it is petitioner's contention that not receiving a bill of particulars prior to trial

---

1. For clerical purposes, the petition was assigned the same docket number as the direct appeal.

amounted to hiding material evidence from the defense, his claim must fail. First, he has not shown that the defense requested a bill of particulars. More importantly, he has not demonstrated that there was any specific information suppressed by the State.

Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram nobis relief. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). The Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. 1194. In *Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280, 119 S.Ct. 1936 (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). In *Strickler*, the court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *See Pierce v. State*, 2009 Ark. 606, 2009 WL 4405790 (per curiam).

The function of a bill of particulars is to require the State to set forth the alleged criminal act in detail and with sufficient certainty to apprise the defendant of the crime and enable him to prepare his defense. *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996); *see also* Ark.Code Ann. § 16–85–301(a) (Repl.2005). Where the information is definite in specifying the offense being charged, the charge itself constitutes a bill of particulars. *See Nance*, 323 Ark. 583, 918 S.W.2d 114. Further, even where no bill of particulars is filed, there is no prejudice to the accused on that account when the State complies with its discovery obligation. *Green v. State*, 310 Ark. 16, 832 S.W.2d 494 (1992); *Harris v. State*, 299 Ark. 433, 774 S.W.2d 121 (1989); *see also Limber v. State*, 264 Ark. 479, 572 S.W.2d 402 (1978).

Petitioner does not allege that there was a particular aspect of the charge against him of which he was not aware before trial. While he asserts that his attorneys were confused about his case and that not all pertinent witnesses were called to testify because there was no bill of particulars, petitioner has not established any conduct on the part of the prosecution that constituted a violation of *Brady*. Accordingly, there is no ground to issue a writ of error coram nobis. *See Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003).

With respect to petitioner's assertions concerning the victim's dying declaration, he seems to contend both that the victim did not make the declaration and also that his attorney did not question the witness to whom the declaration was made. He points particularly to the "investigation report" that he asserts would have shown that the victim's dying declaration was given to a different police officer than the one who testified at trial. Petitioner does not, however, demonstrate that there was any evidence withheld from the defense. To the extent that petitioner's claims can be construed as claims that he was not afforded effective assistance of counsel, a mere claim of ineffective assistance of counsel does not establish that the State wrongfully withheld material exculpatory evidence.

*See Scott v. State*, 2009 Ark. 437, 2009 WL 3047239 (per curiam). Allegations of ineffective assistance of counsel are properly brought pursuant to a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1(a) (2009). *Id., Buckhanna v. State*, 2009 Ark. 490, 2009 WL 3235537 (citing *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))). Ineffective-assistance claims are outside the purview of a coram nobis proceeding, and a petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1(a). *Mills v. State*, 2009 Ark. 428, 2009 WL 3162293 (per curiam).

Throughout the petition, petitioner appears to argue that the evidence was not sufficient to sustain his conviction. If that is indeed his contention, challenges to the sufficiency of the evidence are a direct attack on the judgment of conviction that must be made at trial and on direct appeal. *Pierce*, 2009 Ark. 606, 2009 WL 4405790 (per curiam); *see also McCroskey v. State*, 278 Ark. 156, 644 S.W.2d 271 (1983).

Turning to petitioner's motions seeking a copy at public expense of both the coram nobis petition and his response to the State's response to the petition, petitioner has not established that he is entitled to photocopying at no cost to him. We have consistently held that a petitioner is not entitled to photocopying at public expense unless he or she demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for postconviction relief. *Wright v. State*, 2010 Ark. 155, 2010 WL 1253180 (per curiam); *Layton v. State*, 2009 Ark. 438, 2009 WL 3048447 (per curiam); *Moore v. State*, 324 Ark. 453, 921 S.W.2d 606 (1996) (per curiam); *see Austin v. State*, 287 Ark. 256, 697 S.W.2d 914 (1985) (per curiam). Indigency alone does not entitle a petitioner to photocopying at public expense. *Gardner v. State*, 2009 Ark. 488, 2009 WL 3235627 (per curiam); *see Washington v. State*, 270 Ark. 840, 606 S.W.2d 365 (1980) (per curiam). Petitioner does not offer any ground for his request for the material at public expense. Therefore, he has failed to show that the material should be provided to him at no cost. *See Johnson v. State*, 2010 Ark. 15, 2010 WL 135200 (per curiam).

It should be noted that when an appeal has been lodged in either this court or the court of appeals, all material related to the appeal, including any petition filed to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis filed in this court, remains permanently on file with our clerk. Persons may review the material in the clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of material related to an appeal may write this court, remit the photocopying fee, and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying. *Wright*, 2010 Ark. 155, 2010 WL 1253180; *Layton*, 2009 Ark. 438, 2009 WL 3048447; *Giles v. State*, 2009 Ark. 264, 2009 WL 1255580 (per curiam).

Petition to reinvest jurisdiction in trial court and motions for copies at public expense denied; motion to disqualify trial judge moot.

CORBIN, J., not participating.