2013 Ark. 217
**STATE of Arkansas, Appellant**

v.

**Francisco Daniel TEJEDA–
ACOSTA, Appellee.**

**No. CR–12–903.**

Supreme Court of Arkansas.

May 23, 2013.

Dustin McDaniel, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellant.

Chris Flanagin, for appellee.

DONALD L. CORBIN, Justice.

|₁Appellant, the State of Arkansas, appeals the order of the Benton County Circuit Court granting Appellee Francisco Daniel Tejeda–Acosta's petition for writ of error coram nobis and vacating his guilty pleas and sentence. The State's sole point for reversal is that the circuit court erred as a matter of law by expanding the grounds for a writ of error coram nobis to include claims of ineffective assistance of counsel. We conclude that, despite the circuit court's effort to stay within the bounds of established grounds for coram-nobis relief, the result of the circuit court's decision is to improperly expand the grounds for coram-nobis relief to include claims for ineffective assistance of counsel. The circuit court therefore erred as a matter of law, and we reverse the order granting the writ of error coram nobis.

Appellee pleaded guilty on December 6, 2010, in the Benton County Circuit Court to two felonies, first-degree false imprisonment, and aggravated assault. The pleas resulted from an incident where Appellee and three others had taken it upon themselves to recover |₂money stolen from one of them. Appellee entered these guilty pleas after negotiations with the State, in which the State agreed to reduce charges and recommend probation, and Appellee agreed to testify against his codefendants and to have no contact with the victim. At

a hearing, the circuit court accepted the guilty pleas and imposed the State's recommended sentence of 120 days' imprisonment in the Benton County jail with credit for time served of 233 days and to probation for 96 months as allowed for first offenders in Act 346 of 1975, which is currently codified at Ark.Code Ann. §§ 16–93–301 et seq. (Supp.2011).[1] The plea agreement and a judgment and disposition order were entered of record on December 9, 2010. No direct appeal or postconviction proceedings followed.

Appellee is not a U.S. citizen, but had attained lawful permanent-resident status. As a result of the guilty pleas he tendered in December 2010, officers from Immigration and Customs Enforcement (ICE) detained Appellee at his home in Oklahoma on May 18, 2011, and initiated deportation proceedings. ICE issued a notice for Appellee to appear in |₃immigration court, listing false imprisonment and aggravated assault as convictions of crimes of moral turpitude for which he was subject to removal under section 240 of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101 et seq. This determination for immigration-law purposes was made notwithstanding that this court has repeatedly recognized that, with exceptions not relevant here, "a plea of guilty or nolo contendere tendered pursuant to Act 346 is not a conviction." *Lynn v. State*, 2012 Ark. 6, at 3, 2012 WL 205881.

On November 14, 2011, Appellee filed the instant petition for writ of error coram nobis in the Benton County Circuit Court, asking the court to vacate the entry of his guilty plea due to a lack of advice from counsel about immigration consequences as required under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Appellee argued in the petition that he was not informed of any deportation consequences resulting from his guilty pleas and that he was, in fact, facing deportation as a result of his guilty pleas. Appellee argued further that he would never have knowingly entered into the plea agreement if he had been fully advised of the deportation consequences that would result. He thus maintained that a writ of error coram nobis was appropriate relief for him to correct the manifest injustice of having entered what he claimed to be a coerced guilty plea. The circuit court held multiple hearings and eventually granted the petition for a writ of error coram nobis and vacated Appellee's guilty pleas and sentence. This appeal by the State followed.

■ We have previously allowed the State to appeal an order granting a writ of error coram nobis without requiring the State to satisfy Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal. *See, e.g., State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000); *see also* |₄*State v. Burnett*, 368 Ark. 625, 249 S.W.3d 141 (2007) (stating that the State need not satisfy Rule 3 in cases that are neither a direct nor interlocutory appeal following a prosecution). The standard of review re-

---

1. This court has previously summarized the process of sentencing first offenders under Act 346 as follows:

Under Act 346 of 1975, better known as the Arkansas First Offender Act, an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, and the circuit court, without entering a judgment of guilt and with the defendant's consent, may defer further proceedings and place the defendant on probation for a period of not less than one year. Thereafter, upon fulfillment of the terms and conditions of probation, the defendant shall be discharged without court adjudication of guilt, and the court shall enter an appropriate order dismissing the case, discharging the defendant, and expunging the record.

*Lynn v. State*, 2012 Ark. 6, at 3, 2012 WL 205881 (citations omitted).

mains whether the trial court abused its discretion in granting or denying the writ. *Magby v. State*, 348 Ark. 415, 72 S.W.3d 508 (2002) (per curiam); *Larimore*, 341 Ark. 397, 17 S.W.3d 87.

As its sole point for reversal, the State contends that the circuit court erred as a matter of law in expanding the grounds for a writ of error coram nobis to include claims for ineffective assistance of counsel. The State relies on *Estrada v. State*, 2011 Ark. 479, 2011 WL 5437538 (per curiam), as settling the very same arguments raised by Appellee in the present case. Appellee responds that the circuit court correctly distinguished *Estrada* and that the facts of this case direct that it fall within the category of a coerced guilty plea rather than ineffective assistance of counsel.

*Estrada*, 2011 Ark. 479, 2011 WL 5437538, is remarkably similar to the present case, and we agree with the State that it directs a reversal of the circuit court's decision in this case. In *Estrada*, the defendant filed a petition for writ of error coram nobis, contending that his trial counsel did not advise him of the possibility that he could be deported if he pleaded guilty to the charge of maintaining a drug premise and that counsel's failure to do so constituted ineffective assistance that should be addressed through the issuance of a writ of error coram nobis. The defendant in *Estrada* acknowledged that such relief had not been previously available on a claim of ineffective assistance of counsel, but asserted that it should be available in a case such as his where he was not advised of possible deportation consequences. In so arguing, he, like Appellee in the present case, relied on the Supreme Court's decision in *Padilla*, 559 U.S. 356, 130 S.Ct. 1473, in which the Court held that a defense counsel's failure to advise his client on the possible immigration consequences of a guilty plea constitutes deficient per-

formance under the ineffective-assistance-of-counsel test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition to arguing that error coram nobis should be expanded to include a claim of ineffective assistance of counsel under *Padilla*, like Appellee in the present case, the defendant in *Estrada* also argued that he was coerced into pleading guilty by counsel's failure to advise him of the possible deportation consequences. This argument was and is, no doubt, an attempt to bring an ineffective-assistance-of-counsel claim within one of the four accepted categories of error-coram-nobis relief. *See, e.g., Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam) (explaining that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal).

In *Estrada*, this court rejected the defendant's arguments and refused to expand the grounds for the writ of error coram nobis to include ineffective-assistance-of-counsel claims based on *Padilla*. In so holding, this court acknowledged the *Padilla* claim, but held steadfast to its prior cases, stating as follows:

[T]his court has held that claims of ineffective assistance of counsel are not cognizable in a coram-nobis proceeding. Such claims are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. Ineffective-assistance claims are outside the purview of a coram-nobis proceeding, and a petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1.

Appellant has in no way met his burden of demonstrating why this court should overrule its prior case law to

expand the categories of error that may be addressed in a coram-nobis proceeding.

*Estrada,* 2011 Ark. 479, at 4–5, 2011 WL 5437538 (citations omitted).

The circuit court's findings of fact and conclusions of law are well over thirty pages long. In addition, the circuit court carefully explained aloud his findings and conclusions at the hearing. The circuit court's ultimate conclusion was that Appellee had demonstrated that both prongs of the *Strickland* test for ineffective assistance of counsel had been satisfied and that counsel's failure to investigate the effect of a guilty plea on the immigration status amounted to a deception resulting in a coerced guilty plea. The circuit court first determined that Appellee was credible in his assertion that the consequence of deportation was of paramount importance to him prior to entering his plea. The circuit court concluded that counsel acted ineffectively in remaining ignorant of the law on immigration consequences of a guilty plea entered under Act 346 despite Appellee's continued credible requests for assurance on the matter. The circuit court was convinced that Appellee would not have agreed to the plea bargain "had he been properly advised that the Arkansas Act 346's benefit of 'no conviction' was not applicable to the Immigration & Naturalization Act, and in fact was contrary to its provisions that would define equivalent Act 346 proceedings to be a conviction." Finally, the circuit court found that the time for filing a Rule 37 petition had expired when deportation proceedings were initiated against Appellee and that this scenario represented a fundamental error for which the court could grant Appellee's request for relief under a writ of error coram nobis.

Given the circuit court's careful consideration, we cannot say it abused its discretion by deciding the case without thoughtfulness and deliberation. However, we do agree with the State's contention that the circuit court's decision is erroneous as a matter of law and amounts to "an end run around *Estrada* by holding that 'fundamental fairness' warrants relief otherwise foreclosed by this Court." We simply do not agree with the circuit court's finding that *Estrada* is distinguishable on the facts. Regardless of the circuit court's attempt to bring this case within the bounds of a coerced guilty plea such that coramnobis relief would be appropriate, the fact remains that the circuit court's conclusion is predicated upon the claim of ineffective assistance of counsel. Appellee claims not that he is, in fact, innocent and that his plea was coerced in the sense that it was the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable in coram-nobis relief. *See, e.g., Hardwick v. State,* 220 Ark. 464, 248 S.W.2d 377 (1952). Rather, he claims that his plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice from his counsel.

The United States Supreme Court has indicated that an inquiry into whether a plea is rejected, or in Appellee's case entered, knowingly and voluntarily is not the correct means by which to address a claim of ineffective assistance of counsel; rather, pursuant to *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the *Strickland* test should be applied in assessing a claim of ineffective assistance of counsel arising out of the plea-negotiation process. *See Lafler v. Cooper,* — U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). This court has previously followed the dictates of *Hill v. Lockhart. See Haywood v. State,* 288 Ark. 266, 704 S.W.2d 168 (1986); see also *Heard v. State,* 2012 Ark. 67, 2012 WL 503884 (per curiam)

(explaining that cognizable claims where a defendant pleads guilty are limited to those asserting that the defendant's plea was not entered intelligently and voluntarily upon advice of competent counsel and that we assess the effectiveness of counsel under the standard set forth in *Strickland*).

■■■ As we explained in *Estrada*, ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings under our state law and coram-nobis proceedings are not to be used as a substitute for claims of ineffective assistance of counsel. *Estrada*, 2011 Ark. 479, 2011 WL 5437538; *see also Grant*, 2010 Ark. 286, 365 S.W.3d 894. In other words, error-coram-nobis proceedings are not interchangeable with proceedings under Rule 37. *Williams v. State*, 289 Ark. 385, 711 S.W.2d 479 (1986) (per curiam). Error coram nobis is an extraordinary remedy. The writ serves to fill a gap in the legal system and will provide relief after a plea of guilty only where a remedy was unavailable because a fact exists that was not known when the plea of guilty was entered; the writ is granted only when the error of fact might have resulted in a different verdict. *Id.* Here, Appellee has not raised an error of fact extrinsic to the record; rather, he has raised a mistake or error of law on his counsel's part. Appellee has therefore not stated appropriate grounds for relief in coram-nobis proceedings. *See State v. Hudspeth*, 191 Ark. 963, 969, 88 S.W.2d 858, 861 (1935) (stating that "[i]f one is caused to enter a plea of guilty in a criminal case from fear or duress, he is entitled to the writ, but he is not entitled to the writ to correct any error at law, but only error as to the facts").

■■■ Where one who pleads guilty desires to challenge a plea after entry of judgment, his remedy is a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1, and the trial court may treat a motion to withdraw or vacate a guilty plea filed after entry of judgment pursuant to Rule 26 as a petition for relief under Rule 37. *Coleman v. State*, 2013 Ark. 152 (per curiam). However, the time constraints for filing a Rule 37 petition still apply. *Id.* The time limitations imposed in Rule 37 are jurisdictional in nature, and, if those requirements are not met, a trial court lacks jurisdiction to grant postconviction relief. *Id.*

■■■ Appellee persuaded the circuit court that the jurisdictional time constraints of Rule 37 could be avoided by using coram-nobis proceedings as a substitute. Such a conclusion is contrary to our law, however, and ignores the jurisdictional nature of Rule 37's time constraints. Ineffective-assistance claims are outside the purview of a coram-nobis proceeding, and a petition for writ of error coram nobis is not a substitute for proceeding under Rule 37 to challenge the validity of a guilty plea. *Grant*, 2010 Ark. 286, 365 S.W.3d 894. This is true even when the deadline for filing Rule 37 relief has passed. *See McDonald v. State*, 285 Ark. 482, 688 S.W.2d 302 (1985) (per curiam). Fundamental fairness and due process do not require an unlimited opportunity to file Rule 37 petitions. *See, e.g., Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). The lack of Rule 37 relief as an available remedy does not justify expansion of the writ. *Estrada*, 2011 Ark. 479, 2011 WL 5437538; *see also McDonald*, 285 Ark. 482, 688 S.W.2d 302.

In summary, we are cognizant of *Padilla* and its holding that the first prong of the *Strickland* test is satisfied when counsel fails to advise a defendant that his plea of guilty makes him subject to deportation or has possible immigration consequences. And we are aware of the circuit court's finding that both prongs of the *Strickland*

test were satisfied in the present case. We acknowledge the finding that Appellee did not become aware of the error in his counsel's advice until deportation was initiated well outside the time constraints for filing a Rule 37 petition. However, the time constraints imposed for filing Rule 37 relief are jurisdictional, and the circuit court was without discretion to avoid those jurisdictional time constraints by extending the scope of coram-nobis relief to include Appellee's claim for ineffective assistance of counsel. The circuit court erred as matter of law, and we therefore reverse its order granting the writ of error coram nobis. Reversed.

HART and HOOFMAN, JJ., dissent.

CLIFF HOOFMAN, Justice, dissenting.

I respectfully dissent. I agree with the majority that ineffective-assistance-of-counsel claims should be brought in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 and are not cognizable in error coram nobis proceedings. However, I write separately because, in my opinion, the circuit court did not err as a matter of law in this case. It granted relief on the basis of a coerced guilty plea, which we have recognized as one of the four categories approved for a writ of error coram nobis. Consequently, I would apply an abuse-of-discretion standard of review and affirm. Alternatively, I would expand the writ of error coram nobis for the limited purpose of correcting the type of fundamental error demonstrated in this case.

In its detailed order granting the petition and vacating the plea, the court articulated three independent bases for granting the writ: (1) appellee was entitled to relief because he did not voluntarily and knowingly enter his plea of guilty; (2) appellee was entitled to relief because he had been prejudiced by ineffective assistance of counsel; and (3) due to the unique and limited facts of this case, appellee was entitled to relief to correct a fundamental error despite the fact that he was time-barred from bringing an ineffective-assistance-of-counsel claim. I would affirm because the circuit court did not abuse its discretion in finding that appellee was entitled to relief where he did not knowingly and voluntarily enter his guilty plea.

As the majority notes, the circuit court issued a lengthy and detailed order. It found that the sole basis for appellee's deportation proceedings was his guilty plea; that the first notice appellee had that his plea would impact his immigration status was over five months after he had entered his plea; that appellee had no reason to seek Rule 37 relief within the requisite ninety-day period following his plea; that appellee filed his petition for writ of error coram nobis shortly after he was taken into custody by immigration officers; that appellee's counsel knew from the onset of the case that appellee was concerned about any impact on his immigration status; that appellee's attorney had misinformed appellee that an Act 346 plea would not affect his immigration status; that at the plea hearing, appellee stated on the record that it was his belief that an Act 346 guilty plea "is not a felony" and would not impact his immigration status; and that the circuit court, in taking appellee's plea, advised him that an Act 346 plea was "not a felony until you either mess up your probation or do anything stupid." The circuit court concluded that appellee had been diligent in filing his petition for error coram nobis, that he would not have pled guilty knowing the immigration consequences that would result, and that appellee did not knowingly and voluntarily plead guilty.

Pursuant to our law, the trial court has discretion to grant or deny a petition for a

writ of error coram nobis, and on appeal, we determine whether the lower court abused that discretion in granting the writ and ordering a new trial. *State v. Larimore,* 341 Ark. 397, 17 S.W.3d 87 (2000). An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Pierce v. State,* 2009 Ark. 606, 2009 WL 4405790 (per curiam).

We have recognized that a writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Howard v. State,* 2012 Ark. 177, 403 S.W.3d 38. The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Id.* The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

A conviction after a plea of guilty normally rests on the defendant's own admission in open court that he committed the acts with which he is charged. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *see also Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). That admission may not be compelled, and since the plea is also a waiver of trial—and thus a waiver of the right to contest the admissi-

bility of any evidence the State might have offered against the defendant—it must be an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady,* 397 U.S. at 748, 90 S.Ct. 1463.

The majority is correct that the two-part test articulated by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the proper analysis for when a petitioner is represented by counsel during the plea process, enters his plea upon the advice of counsel, and later claims that his plea was involuntary because of counsel's erroneous advice. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Importantly, the *Hill* court merely adopted the appropriate test for analyzing the voluntariness of a guilty plea where the coercion was based on defense counsel's deficient performance. *Hill* does not preclude Arkansas courts from analyzing whether a guilty plea was coerced in this manner for purposes of granting a writ of error coram nobis.

Although the majority concludes that *Estrada v. State,* 2011 Ark. 479, 2011 WL 5437538 (per curiam), directs reversal in this case, in my opinion, it is fully distinguishable. There, Estrada argued in his petition for writ of error coram nobis that his trial counsel had never informed him of possible adverse immigration consequences to pleading guilty; that his counsel was ineffective for failing to advise him of deportation risks under *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); that error coram nobis relief should be expanded to include a claim for ineffective assistance of counsel; and that his counsel coerced him into pleading guilty by failing to advise him of deportation consequences. The circuit court found that Estrada's claim for ineffective assistance of counsel could have

been raised in a Rule 37.1 petition and did not provide a basis for coram nobis relief; the circuit court did not rule on Estrada's claim that his guilty plea was coerced. In reviewing that decision, we declined to expand the grounds for writ of error coram nobis to include ineffective-assistance-of-counsel claims. We simply did not address in *Estrada* the issue presented by the present case—whether failure to advise of immigration effects or erroneous advice regarding possible deportation consequences served as coercion for plea purposes.

Here, the circuit court specifically held that appellee's guilty plea was not knowingly or voluntarily made. The court found that appellee waived his right to a trial upon the mistaken belief—based upon erroneous advice of his trial counsel, which was bolstered by on-the-record discussion at the plea hearing—that his Act 346 plea would not impact his immigration status. The circuit court found that this functioned as a coerced guilty plea. Based on the measured and detailed findings and conclusions issued by the circuit court in this case, I cannot say that the court abused its discretion in this matter.

The circuit court alternatively found that appellee was entitled to the writ of error coram nobis to correct a fundamental error for which appellee would have no other remedy. In *Padilla, supra,* the United States Supreme Court concluded that an attorney's performance is constitutionally deficient where he or she does not advise a defendant or gives incorrect advice to a defendant concerning the deportation consequences of pleading guilty. A defendant prejudiced by that deficient performance is entitled to relief. *Id.* Specifically, the Padilla court held that

[i]t is our responsibility under the Constitution to ensure that no criminal defendant—whether a citizen or not—is left to the "mercies of incompetent counsel." To satisfy this responsibility, we now hold that counsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less.

*Id.* at 374, 130 S.Ct. 1473, at 1486–87, 176 L.Ed.2d 284 (internal citation omitted).

In this case, the circuit court found that appellee's counsel had misinformed appellee of the deportation consequences of pleading guilty, which constituted ineffective assistance of counsel under *Padilla,* and that appellee was prejudiced by his counsel's deficient performance. Yet, because of the ninety-day time limit for filing for postconviction relief pursuant to Rule 37.1, appellee was not entitled to relief despite the fact that he could not have known of his counsel's deficient performance until he was taken into custody by immigration officials over two months after the ninety-day period had expired. In my opinion, for the extremely limited factual scenario presented by a case such as this, fundamental fairness requires that we consider expanding the writ of error coram nobis to protect a defendant's Sixth Amendment right to effective assistance of counsel.

Because this court refuses to provide relief for appellee, whose right to competent counsel was so clearly derogated, his alternative is to seek relief through the federal courts.

For these reasons, I dissent.

HART, J., joins in this dissent.