

# SUPREME COURT OF ARKANSAS

### No. CR-03-905

| | |
|---|---|
| JEFFREY SCOTT RATCHFORD<br>PETITIONER | Opinion Delivered October 30, 2014 |
| V. | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO PROCEED IN FORMA PAUPERIS |
| STATE OF ARKANSAS<br>RESPONDENT | [BENTON COUNTY CIRCUIT COURT, NO. 04CR-01-1011] |
| | PETITION DENIED; MOTION TO PROCEED IN FORMA PAUPERIS MOOT. |

**PER CURIAM**

A jury found petitioner Jeffrey Scott Ratchford guilty of the rape of a person less than fourteen years old and two counts of sexual assault in the first degree. A life sentence was imposed on the rape charge and 120 months' imprisonment on each of the sexual-assault charges, with all sentences to be served concurrently. We affirmed. *Ratchford v. State*, 357 Ark. 27, 159 S.W.3d 304 (2004).

Now before us is petitioner's pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis,[1] as well as his pro se motion to proceed in forma pauperis. Assuming the motion to proceed in forma pauperis is intended as a motion to proceed without paying a filing fee, the motion is moot as no fee is required to file a coram-

---

[1] The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

SLIP OPINION

nobis petition in this court. A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61).

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

As grounds for the writ, petitioner asserts that material evidence was withheld from him

in violation of *Brady v. Maryland*, 373 U.S. 93 (1963). While couched as a claim of a *Brady* violation, which does fall within one of the four categories warranting coram-nobis relief, petitioner's claim is actually one of ineffective assistance of counsel. Specifically, petitioner asserts that, nearly a decade after his convictions, he has discovered a plea offer in the prosecutor's files that was never communicated to him by trial counsel. Petitioner contends that he would have accepted the terms of the offer if it had been made known to him prior to trial, and he further contends that counsel was ineffective in failing to inform him of the plea offer.

Claims of ineffective assistance of counsel are not cognizable in error-coram-nobis proceedings. *Cromeans*, 2013 Ark. 273 ("[A]llegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding."); *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673 ("[C]oram-nobis proceedings are not to be used as a substitute for claims of ineffective assistance of counsel."). Nevertheless, petitioner urges this court to expand its grounds for issuance of a writ of error coram nobis to include claims of ineffective assistance of counsel, and he cites *Padilla v. Kentucky*, 559 U.S. 356 (2009) and its progeny in support of his proposition. Petitioner's *Padilla* claim has already been addressed and rejected by this court. *See Tejedea-Acosta*, 2013 Ark. 217, 427 S.W.3d 673 (declining to expand the scope of coram-nobis proceedings to allow for an ineffective-assistance claim where counsel failed to advise his client that a consequence of entering a plea of guilty included deportation); *Estrada v. State*, 2011 Ark. 479 (per curiam). Petitioner cites to no convincing authority as to why this court should stray from precedent, and we therefore decline to expand our grounds for issuance of the writ. *See, e.g., Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007) (holding that this court does not lightly

overrule cases and applies a strong presumption in favor of the validity of prior decisions).

As alternative grounds for relief, petitioner asks this court to either issue a writ of certiorari or to recall the mandate in his direct appeal. Petitioner further asserts that the proper remedy in the instant case is to order the prosecutor to re-offer the plea so that he may now accept its terms. We deny relief on petitioner's alternative request for relief. Petitioner cites to no authority or provision in our procedural rules, and we are aware of none, which provide for the issuance of a writ of certiorari to reopen a direct appeal or to order the prosecutor to re-offer an expired plea agreement after the judgment of conviction has been affirmed on appeal. Nor does petitioner state good cause to recall the mandate in his direct appeal. *See Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233 (citing *Engram v. State*, 360 Ark. 140, 200 S.W.3d 367 (2004)) ("[W]hat has remained consistent . . . has been a discussion of the three *Robbins* factors and this court's overarching concern that we will reopen a case only to address an 'error in the appellate process,' meaning an error that *this court* made or overlooked while reviewing a case in which the death sentence was imposed.).

Petition denied; motion to proceed in forma pauperis moot.

*Jeffrey Scott Ratchford*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.