SLIP OPINION



Cite as 2014 Ark. 466

# SUPREME COURT OF ARKANSAS

No. CR-03-1181

| | |
|---|---|
| ABRAHAM GRANT<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** November 6, 2014<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND REQUEST FOR INJUNCTION [PHILLIPS COUNTY CIRCUIT COURT NO. 54CR-01-272]<br><br><br>PETITION DENIED; REQUEST FOR INJUNCTION MOOT. |

**PER CURIAM**

In 2003, petitioner Abraham Grant was found guilty by a jury of capital murder and battery in the first degree. An aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

In 2007, petitioner filed in the trial court a petition for postconviction relief in which he alleged that his sentence for capital murder should be corrected because he had been charged with first-degree murder. The petition was denied, and petitioner appealed to this court. We dismissed the appeal. *Grant v. State*, CR-07-784 (Ark. Feb. 17, 2008) (unpublished per curiam). We noted in the opinion that, while the warrant for appellant's arrest does list first-degree murder as the offense, the information charging appellant contained in the record on direct appeal clearly states the correct offense of capital murder. Accordingly, appellant was charged with capital murder in the information and convicted of capital murder.

Now before us is petitioner's request that this court reinvest jurisdiction in the trial court so that he may proceed with a petition for writ of error coram nobis.[1] Petitioner also seeks an injunction to "stay administrative statue [sic] enforcement in all cases where applications are made in this state having jurisdiction thereof to enforce any statue [sic] or order of an administrative board or commission of this state. . . ." The request is not clear, but it appears to be based on the claim in the coram-nobis petition that petitioner was charged with first-degree murder rather than capital murder. Because we find that petitioner has not stated a cause to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, the request for an injunction arising out of the coram-nobis proceeding is moot.

Petitioner contends in his petition that the writ should issue on the ground that the arrest warrant in his case stated that he was charged with first-degree murder, but he was convicted of capital murder. This is the same issue already addressed by this court in the appeal in 2008 and settled. Petitioner, however, adds in the instant petition the claim that the prosecution withheld from the jury in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) the fact that the arrest warrant had shown that he was charged with first-degree murder.

Failure of the State to disclose evidence favorable to the defense in violation of *Brady*, if established, is cause to grant the writ. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Petitioner, however, has not established that the State somehow withheld the arrest warrant from the defense at the time of trial. The warrant was a part of the trial record, as were the information

---

[1]The petition was assigned the same docket number as the direct appeal. It is the second petition filed by petitioner in this court. The first was filed in 2010 and denied. *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam).

and the subsequent judgment-and-commitment order. The warrant, which was issued by the trial court, was a matter of public record. Petitioner has offered nothing to show that the defense could not have obtained the arrest warrant at the time of trial.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam); *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)). Petitioner here has not shown that the arrest warrant was concealed from the defense or that there was any fundamental error of fact extrinsic to the record in his case. He has not met his burden of establishing that there is a ground for the writ.

Petition denied; request for injunction moot.

*Abraham Grant*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.