Cite as 2015 Ark. 281

# SUPREME COURT OF ARKANSAS

No. CR-11-813

| | |
|---|---|
| DEONDRAE R. SIMS<br>PETITIONER | Opinion Delivered June 18, 2015 |
| V. | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-09-556] |
| STATE OF ARKANSAS<br>RESPONDENT | |
| | HONORABLE JODI RAINES DENNIS, JUDGE |
| | PETITION DENIED. |

**PER CURIAM**

In 2011, petitioner Deondrae R. Sims was convicted in the Jefferson County Circuit Court of first-degree murder and committing a terroristic act and was sentenced to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Sims v. State*, 2012 Ark. App. 472.

Now before us is Sims's pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis.[1] A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003). This court will grant such permission only when it appears the proposed attack on the judgment is meritorious. *Id.* In making such a determination, we

---

[1]The petition is assigned the same docket number as the direct appeal from the judgment of conviction.

SLIP OPINION

look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*

Sims argues that jurisdiction should be reinvested in the circuit court to consider a coram-nobis petition on the grounds that a miscarriage of justice has resulted because he was not afforded postconviction counsel to assist him in raising claims of ineffective assistance of trial counsel. Specifically, Sims asserts that the writ is available, or should be made available, to "fill the void" where postconviction counsel is not guaranteed in proceedings that are held pursuant to Arkansas Rule of Criminal Procedure 37.1. It is well-settled that claims of ineffective assistance of counsel are not cognizable in error-coram-nobis proceedings. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. Such claims are brought pursuant to Rule 37.1, and error-

SLIP OPINION

coram nobis proceedings are not a substitute for proceedings under Rule 37.1. *Id.*

Sims cites *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) and *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013) in support of his contention that grounds for the writ should be expanded to include ineffective-assistance claims. Specifically, Sims asserts that *Trevino* and *Sasser* stand for the proposition that Arkansas's postconviction procedural process does not provide a meaningful review of ineffective-assistance-of-counsel claims. While we are mindful of the holdings in *Trevino* and *Sasser*, neither requires this court to expand the scope of a coram-nobis proceeding to permit a collateral challenge to a judgment of conviction that would otherwise be brought pursuant to Rule 37.1. *Jarrett v. State*, 2014 Ark. 272 (per curiam).

Because Sims has not stated a claim cognizable in a coram-nobis proceeding, we decline to reinvest jurisdiction in the circuit court to consider a coram-nobis petition.[2]

Petition denied.

---

[2]Because it is clear from the petition that Sims failed to state any ground for relief cognizable in a proceeding for coram-nobis relief, we need not consider his assertion that he proceeded with due diligence in making application for relief. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.