Cite as 2023 Ark. App. 572

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-167

|  |  |
|---|---|
| BRANDON LEA | **Opinion Delivered** December 6, 2023 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CR-19-4116] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| APPELLEE | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Brandon Lea appeals from the November 15, 2022, order of the Pulaski County Circuit Court denying his petitions for postconviction relief under Arkansas Rule of Criminal Procedure 37 and for a writ of error coram nobis.[1]  On appeal, Lea argues that the circuit court erroneously denied his petition for writ of error coram nobis.  We affirm.

On July 14, 2021, Lea entered a negotiated guilty plea to one count of criminal attempt to commit residential burglary pursuant to Arkansas Code Annotated section 5-3-201.[2]  He was

---

[1]When the judgment of conviction was entered on a plea of guilty or nolo contendere or the judgment of conviction was not appealed, as was the case here, the petition for writ of error coram nobis is filed directly in the circuit court.  When a judgment of conviction is affirmed on appeal, the petitioner must first proceed in our supreme court and gain leave to file a petition in the circuit court by means of a petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis. *See Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

[2](Repl. 2013).

sentenced to ten years' incarceration in the Arkansas Department of Correction ("ADC"). The judgment and commitment orders were entered on July 19.

On September 7, 2021, on the advice of a "jailhouse lawyer," Lea petitioned for writ of habeas corpus claiming that his conviction should be declared void because neither the trial judge nor his attorney accurately explained parole eligibility before he entered the negotiated plea. He claimed that if he had been advised that his criminal history would affect his parole eligibility, he would not have entered the plea. The circuit court denied relief on multiple grounds: (1) the petition failed to state a cognizable claim for relief in state habeas proceedings; (2) the petition failed to name the proper party; and (3) Lea failed to attach a complete copy of the judgment and commitment order to the petition or provide a legal excuse for the omission, rendering the petition defective.

On September 28, 2022, Lea filed a combined petition for relief under Arkansas Rule of Criminal Procedure 37 and for writ of error coram nobis. The circuit court denied the Rule 37 portion of the petition, finding that it was untimely filed. As to the petition for writ of error coram nobis, the circuit court found that Lea's ineffective-assistance-of-counsel claim fell outside the scope of the limited grounds on which a coram nobis writ could issue. Lea now appeals.

Arkansas Rule of Criminal Procedure 37.2(c)(i) provides, in pertinent part, "If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment." Here, Lea had to file a petition pursuant to Rule 37 within ninety days after July 19, 2021; yet he failed to file his petition until September 28, 2022, well outside the statutory time limit.

On appeal, Lea concedes that his ninety-day window to timely file a petition for postconviction relief had long expired and does not take issue with the circuit court's denial of his Rule 37 petition. Lea challenges only the circuit court's denial of his petition for a writ of error coram nobis. Lea argues that he should be allowed to "withdraw his guilty plea because it was entered without the effective assistance of counsel, and that his counsel was ineffective because of the incorrect parole eligibility advice."

In December 2018, Lea pleaded guilty to a charge of residential burglary in the Saline County Circuit Court. The court imposed a 240-month suspended imposition of sentence. In October 2019, in the present case, Lea was charged with attempted residential burglary. Because of the new charge, on January 14, 2021, Lea's suspended sentence was revoked. Lea alleges that before pleading guilty in the case at bar, his counsel assured him that he would be eligible for parole after serving twenty months of the ten-year sentence. However, Lea contends that upon transfer to the ADC after pleading guilty, he learned that he would be required to serve the entire ten-year sentence.

Arkansas Code Annotated section 16-93-609(b)(1)[3] states that any person who has previously committed a violent felony offense and subsequently commits another violent felony offense after August 13, 2001, is not eligible for release on parole. In 2015, the Arkansas General Assembly designated residential burglary and attempted residential burglary as violent felony offenses.[4] Accordingly, despite counsel's assurance, Lea was ineligible for parole. He argues that his counsel's misrepresentation regarding his parole eligibility deprived him of effective assistance of counsel.

---

[3](Supp. 2023).
[4]*See* Ark. Code Ann. § 5-4-501(d)(2)(A)(xi) & (xv)(j) (Supp. 2023).

A writ of error coram nobis is an extremely rare remedy that exists to "secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment."[5] The writ is "more known for its denial than its approval . . . allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature."[6] The petitioner bears the burden of demonstrating a fundamental error of fact extrinsic to the record, and an appellate court is not required to accept the petition's allegations at face value.[7] The denial of a petition for writ of error coram nobis will not be reversed absent an abuse of discretion.[8] An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly and there is no abuse of discretion in denying coram nobis relief when the claims in a petition are groundless.[9]

Our supreme court has recognized the following grounds for error coram nobis relief: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; and (4) a third-party confession to the crime during the time between conviction and appeal. The writ has also been expanded under the "rule of reason" where the State presents expert scientific opinion at trial through a government agent whose opinion is later repudiated by the State.[10]

---

[5]*Troglin v. State*, 257 Ark. 644, 645–46 519 S.W.2d 740, 741 (1975).

[6]*Carter v. State*, 2012 Ark. 186, at 2.

[7]*Stephenson v. State*, 2022 Ark. 51, 639 S.W.3d 858.

[8]*Strawhacker v. State*, 2022 Ark. 134, 645 S.W.3d 326.

[9]*Id.*

[10]*Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716.

The rule of reason "is simply that the writ ought to be granted or else a miscarriage of justice will result."[11]

Lea's argument for the writ of error coram nobis is a claim of ineffective assistance. Our supreme court has held that claims of ineffective assistance of counsel are not cognizable in a coram nobis proceeding.[12] Such claims are appropriately brought pursuant to Arkansas Rule of Criminal Procedure 37.1.[13] Plainly, ineffective-assistance claims are outside the scope of a coram nobis proceeding, and a petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. This is true even when the deadline for filing a Rule 37 petition has passed.[14]

Lea acknowledges that his claim does not fall within one of the established categories; however, he invites this court to expand the grounds for coram nobis relief under the "rule of reason." In so arguing, Lea contends that a manifest injustice results when a "petitioner was convicted upon erroneous legal advice and then misled while incarcerated about options for extraordinary postconviction relief." He urges that a procedural gap must be filled because there are no other avenues of relief available to him. Lea states that his guilty plea, induced by erroneous legal advice, operated as a waiver of his right to direct appellate review. He further argues that because he detrimentally relied on the advice of a fellow inmate, he missed the deadline to file a timely Rule 37

---

[11]*Id.* at 7, 500 S.W.3d at 720 (quoting *Penn v. State*, 282 Ark. 571, 576, 670 S.W.2d 426, 429 (1984).

[12]*State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.

[13]*Id.*

[14]*Id.*

petition.  We decline Lea's invitation to expand the scope of the coram nobis writ.  The lack of Rule 37 relief as an available remedy due to bad advice from another inmate does not justify expansion of the writ of error coram nobis.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.